O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY J. KRENZ, | Case No. EDCV 04-143 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI, respectively, of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order directing the immediate payment of benefits or remanding the case for further proceedings is denied, and the Commissioner's request for an order affirming her final decision is granted.

## II. BACKGROUND

The relevant background facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the evidence in the record except as noted in her contentions. Accordingly, only the facts and evidence that are helpful to understanding and explaining the Court's decision will be discussed below. Pages of the JS will be cited in brackets proceeding by the JS signal; pages of the administrative record will be cited in the same fashion but without signals ("[ ]").

## III. DISCUSSION

A.  Standard of Review

This Court must review the record as a whole and consider adverse as well as supporting evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Commissioner's final decision affirming an ALJ's decision that a claimant is not disabled must be upheld if the ALJ's findings are supported by substantial evidence in the record and the proper legal standards were applied. *See Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990). The harmless-error rule applies. *Id.* at 1131. "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). It is further defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also*, *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971). The ALJ is responsible for determining credibility, resolving conflicting testimony, resolving ambiguities, and "is entitled to draw inferences 'logically flowing from the evidence.'" *Andrews*, 53 F.3d at 1039; *Macri v. Chater*, 93 F.3d 540, 543-544 (9th Cir. 1996). Consequently, inferences and conclusions as the ALJ may reasonably draw from the evidence are upheld. *See Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). Likewise, an ALJ's findings are upheld where the evidence is susceptible of more than one rational interpretation. *Andrews*, 53 F.3d at 1039-1040.

To collect DIB or SSI benefits, Plaintiff must suffer from a "disability." 42 U.S.C. §§ 423(a)(1)(D); 1382(a). To be disabled within the meaning of the Act, a claimant must suffer from a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.*, §§423(d)(1)(A); 1382c(a)(3)(A). The impairment must be of "such severity that [the claimant] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." *Id.*, §§ 423(d)(2)(A); 1382c(a)(3)(B). The claimant has the burden of showing that she or he is disabled. *Id.*, §§ 423(d)(5); 1382c(a)(3)(H)(i) ; *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990).

B.   The Five-Step Sequential Analysis

The Social Security Regulations use a five-step sequential analysis for making DIB and SSI disability determinations. 20 C.F.R. §§ 404.1520, 416.920. The first step asks whether the claimant is working. The second step asks whether the claimant has a "severe" impairment, which is defined as an impairment which "significantly" -- more than minimally -- limits an individual's ability to perform basic work activities. *Id.*, §§ 404.1521, 416.921; *Bowen v. Yuckert*, 482 U.S. 137, 154, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). However, this step two determination is "'a *de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (internal citations omitted). The third step asks whether the claimant has an impairment which meets or equals the criteria of any impairment identified in the appendix to the Social Security Regulations commonly referred to as the "Listings." *Id*.

The fourth and fifth steps require that the ALJ assess the claimant's residual functional capacity ("RFC"). RFC is a determination of a claimant's remaining abilities to perform work. *Id.*, §§ 404.1545, 416.945(a). In determining a claimant's physical limitations, the ALJ considers the claimant's ability to lift weight, sit-stand, push-pull, etc. *Id.*, §§ 404.1545(b), 416.945(b). Mental, environmental and other limitations such

as the ability to see and hear are also part of the RFC determination. *Id.*, §§ 404.1545(c) and (d), 416.945(c) and (d). A claimant's limitations are categorized as either exertional or non-exertional; exertional limitations are those based upon strength considerations alone. *Cooper v. Sullivan*, 880 F.2d 1152, 1156 (9th Cir. 1989). Non-exertional limitations are unrelated to strength and include "mental, sensory, postural, manipulative, and environmental limitations." *Id.* The exertional requirements of work are classified as sedentary, light, medium, heavy and very heavy. *Id.*, §§ 404.1567, 416.967.

Once the RFC is determined, the fourth step asks whether the claimant can perform his or her past relevant work; at this step the claimant also has the burden of proving he or she is unable to perform past relevant work.

At the fifth step in the analysis, the burden shifts to the Commissioner to prove that the claimant, based on his or her age, education, work experience, and residual functional capacity, can perform other substantial and gainful work existing in the regional or national economy. *Id.*, §§ 404.1520, 416.920. The Commissioner can satisfy this fifth step burden by either (1) applying the Medical-Vocational Guidelines (the "Grids") found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 200.00-204.00, or (2) taking the testimony of a Vocational Expert ("VE"). *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). However, the Commissioner cannot rely upon the Grids and must use a VE where the claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit the claimant's ability to perform the full range of sedentary, light, or medium work. *Id.*

If the answer to any of the questions in the five-step analysis establishes the claimant is or is not disabled, the evaluation ends. *Id.*, §§ 404.1520(a), 416.920(a); *see also Bowen v. Yuckert*, 482 U.S. at 140.

C.   Analysis of Disputed Issues

Plaintiff contends the ALJ erred by: (1) disregarding the physicians' opinions; (2) discrediting her subjective complaints about the severity of her pain and finding that she had an RFC to engaged in a range of sedentary work; (3) failing to pose a proper hypothetical to the VE; and (4) failing to fully and fairly develop the record. The

Commissioner disagrees.

### 1. Physicians' Opinions

The Court finds Plaintiff's first contention lacks merit and borders on being frivolous. The ALJ is responsible for resolving conflicts in medical testimony and is not bound by a physician's opinion on the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 750-51 (9th Cir. 1989). The record as a whole establishes the ALJ's findings about Plaintiff's impairments and RFC are based upon the independent medical reports of Plaintiff's treating physicians and the non-conflicting opinions expressed by the non-treating physicians. Not a single physician, treating or otherwise, opined that any of Plaintiff's impairments were disabling. On the contrary, Dr. Rohini Patel, M.D., Plaintiff's treating physician, specifically noted that Plaintiff "needs to be more active and needs to work." [221.] Dr. Gordon, the examining rheumatologist, found Plaintiff could perform a range of light work even though he diagnosed Plaintiff as suffering from fibromyalgia, and associated impairments. [211.] Kim Goldman, an examining clinical psychologist, found Plaintiff did not suffer from any disabling mental impairments. Dr. Lowell Sparks, the non-examining medical consultant, found Plaintiff suffered from the same severe impairments found by Dr. Gordon plus a few others but he opined that none of the impairments, singly or in combination, prevented Plaintiff from performing a range of light work. Drs. Gordon and Sparks expressed non-conflicting, but slightly different opinions regarding the nature and scope Plaintiff's non-exertional impairments, and the ALJ found Dr. Sparks' slightly more conservative opinion to be more credible. The record as a whole establishes that Dr. Sparks' opinion is supported by other independent medical evidence in the record. Consequently, the Court finds there is no merit to Plaintiff's contention that the ALJ disregarded the physicians' opinions.

### 2. Plaintiff's Subjective Complaints

Once the plaintiff establishes the existence of a medically determinable impairment that may reasonably account for the alleged symptoms but not necessarily to the alleged degree, the ALJ must provide clear and convincing reasons, in the absence of affirmative

evidence of malingering, to reject subjective complaints. *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1988); *Lester v. Chater*, 81 F.3d. 821, 834 (9th Cir. 1996). Nonetheless, even where the claimant has impairments which could reasonably be expected to produce some pain, an ALJ "cannot be required to believe every allegation of disabling pain because "many medical conditions produce pain not severe enough to preclude gainful employment." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ properly identified several specific reasons for discounting Plaintiff's testimony regarding the severity of her impairments, reasons that included the lack of objective medical evidence, and the nature and scope of daily activities that Plaintiff testified she is capable of performing and inconsistent with the level of her claimed debilitation. *See Bunnell*, 947 F.2d at 346; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's decision also reflects that he discounted Plaintiff's subjective complaints because they were inconsistent with her treatment records, which included Dr. Patel's opinion that Plaintiff "needs to be more active and needs to work." Accordingly, the Court finds the ALJ did give clear and convincing reasons for discounting Plaintiff's subjective complaints that are supported by substantial evidence in the record.

The ALJ is responsible for assessing RFC at the hearing level. 20 C.F.R. § 404.1546(c). In fulfilling this responsibility, the ALJ may but "need not substitute the judgment of expert witnesses for his own." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Even if it were true that the ALJ "partially adopted" an RFC in the record, "[i]t is not necessary to agree with everything an expert witness says in order to hold that his testimony contains 'substantial evidence.'" *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988). Because the ALJ properly discounted Plaintiff's subjective complaints, he did not err by excluding her allegations of disabling pain and fatigue from his RFC assessment. Further, the record establishes the ALJ's RFC assessment was based upon substantial evidence in the record that included the consistent, but differing opinions of Drs. Gordon and Sparks, both of whose opinions were also based upon independent medical evidence in the record.

3.  Hypothetical Question & Development of the Record

The Court finds Plaintiff's remaining contentions that the ALJ gave an incomplete hypothetical question to the VE and failed to properly and fairly develop the record lack merit for the well-stated reasons given by the Commissioner in the JS. [JS at 19:10-6; 20:22-21:6.]

## IV.  CONCLUSION

For the reasons discussed above, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

IT IS SO ORDERED.

DATED: September 28, 2005      /s/ Arthur Nakazato
                            ARTHUR NAKAZATO
                            UNITED STATES MAGISTRATE JUDGE